Martin Gray, plaintiff in error, *vs.* Calvin Rawson, defendant in error.

*Error to Jo Daviess.*

The goods of a sub-lessee, of a part of demised premises, are not liable to be distrained for the rent reserved in the original lease.

This was a proceeding under the landlord and tenant act, commenced in the Jo Daviess Circuit Court, wherein Gray filed his distress warrant against Rawson, to recover seven months' rent then due said Gray, for premises in the possession of said Rawson and two others, but which had been demised by said Gray to Charles H. Wheeler, by written lease, under whom said Rawson and the others held possession of said premises. Gray, by his attorney, moved the Court to assess the amount due him by virtue of the facts above stated. Upon which the Court, Browne, Justice, presiding, at the March term, 1848, of said Court, found for the said appellee, Rawson, that no rent was, at the time of the levy of the distress warrant, due from him to the appellant, Gray, and that Gray took nothing by his writ. To this finding Gray excepted, and brought the cause to this Court.

T. Campbell, for plaintiff in error.

M. Y. Johnson, for defendant in error.

Opinion by TREAT, C. J. :

The seventh section of the sixtieth chapter of the Revised Statutes declares, that " In all cases of distress for rent, it shall be lawful for the landlord, by himself, his agent or attorney, to seize for rent, any personal property of his tenant that may be found in the county where such tenant shall reside ; and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant." Under this provision, the Circuit Court held that the goods of a sub-lessee of a part of the demised premises were not liable to be distrained for the rent reserved in the original lease. The propriety of that ruling is the only question in the case. By the common law, any goods found by the bailiff on the premises, irrespective of the ownership, were liable to seizure for rent. The statute limits the right of distress to the goods of the tenant. A sub-lessee is not, in a general sense, the tenant of the original lessor. He is not personally liable to the latter for the payment of the rent. There is no privity of contract between them. The owner of the premises cannot maintain an action against a sub-tenant for a breach of the covenants contained in the lease. Archbold's Landlord and Tenant, 69 ; Halford vs. Hatch, Douglas, 183. Nor can he maintain assumpsit for the use and occupation of the premises, for the law, in such case, implies no promise on the part of the sub-lessee to make compensation to the first lessor. An under-tenant is only liable to his immediate lessor. 4 Kent, 96. The statute restricts a landlord, in the exercise of the remedy by distress, to the seizure of the goods of the party who is personally responsible to him for the rent reserved. For the purposes of this remedy, the relation of landlord and tenant exists only between the parties to the demise. It is true that a sub-tenant is sometimes called the tenant of the original lessor, but it is in reference to a very different question than the liability to pay rent. There is a privity of estate, not of contract, between them. If the relation of landlord and tenant once attaches, it binds all who may acquire the possession of the premises, from or through the tenant, immediately or remotely. The possession of an under-tenant is in subservience to the title of the original lessor, and he can do no act in disparagement of that title. He cannot acquire a possession adverse to the first lessor, for

the law regards his possession as the possession of the lessor. These principles are applied only for the purpose of protecting the title to the estate.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*